IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SIRIUS COMPUTER SOLUTIONS, INC., a Texas Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 20-cv-01432 |
| v. | ) ) ) | |
| JOHN SACHS, | ) ) | |
| Defendant. | ) | |

**TEMPORARY RESTRAINING ORDER**

The matter comes before the Court on the motion of Plaintiff, Sirius Computer Solutions, Inc. ("Sirius"), pursuant to Federal Rule of Civil Procedure 65(b), to temporarily restrain and enjoin Defendant John Sachs ("Sachs") from engaging in certain activities, and to require Defendant to account for and return certain property to Sirius.

Pursuant to Sirius's Verified Complaint for Injunctive and Other Relief, Motion for Temporary Restraining Order and Preliminary Injunction and supporting Memorandum of Law, the Court finds, as to certain claims against Defendant and as to certain requested relief, as explained in open court, that: (a) Sirius has met its burden at this stage of these proceedings demonstrating its right to the relief requested; (b) Sirius is likely to prevail on the merits of its claims against Defendant; (c) Sirius will suffer immediate and irreparable injury if the relief requested is not granted; (d) Sirius does not have an adequate remedy at law; (e) any hardship to the Defendant is outweighed by the hardship to Sirius if the requested relief is not granted; and (f) the public interest would be appropriately served by this Court's grant of the relief requested.

THEREFORE, it is hereby ORDERED that:

1. Sirius's Motion for Temporary Restraining Order is GRANTED.

2. Sachs and his agents, servants, employees, attorneys, and all persons in active concert and participation with him, who receive notice of this Order are enjoined as follows until further order of this Court:

   (a) Sachs shall not be employed by Presidio, Inc. ("Presidio") or any other business that competes with Sirius, in a role having substantially similar duties and responsibilities to those he performed for Sirius during the 12-month period preceding his resignation from Sirius, in the geographic area in which he worked for Sirius;

   (b) Sachs shall not contact or perform work for current customers of Sirius, for whom Sachs previously performed direct services, including the following:

      i. AGFIRST FARM CREDIT BANK
      ii. AMERICAN INTERNATIONAL GROUP
      iii. BLUE CROSS AND BLUE SHIELD SOUTH CAROLINA
      iv. HARRIS TEETER
      v. SCANA SERVICES, INC.
      vi. TIAA CREF INDIVIDUAL & INSTITUTIONAL SERVICES, INC.
      vii. TEACHERS INSURANCE & ANNUITY ASSOCIATION OF AMERICA
      viii. THE KROGER COMPANY
      ix. ELECTRIC POWER RESEARCH INSTITUTE
      x. KPS, LLC
      xi. ALLY BANK
      xii. DOMINION ENERGY SOUTHEAST SERVICE
      xiii. NORTH STATE TECHNOLOGY SOLUTIONS
      xiv. HTPS, LLC
      xv. BLUE CROSS AND BLUE SHIELD OF SOUTH CAROLINA
      xvi. SOUTH CAROLINA ELECTRIC & GAS
      xvii. DATACHAMBERS, LLC
      xviii. ALERT LOGIC INC.
      xix. ELECTROLUX NORTH AMERICA, INC.
      xx. ON SEMICONDUCTOR CORPORATION
      xxi. SPX CORPORATION
      xxii. DASSAULT SYSTEMES AMERICAS CORP.
      xxiii. SEALED AIR CORPORATION
      xxiv. SPX FLOW, INC.
      xxv. CSI LEASING, INC.

   (c) Sachs shall not contact or perform duties for prospective customers of Sirius, with which Sachs or other employees of Sirius were in business discussions or negotiations during the six months preceding his resignation, and about which

> Sachs possesses significant information regarding such customer's operations or proposed relationship with Sirius, including the following:
>
>   i. Moody's;
>   ii. Ingersoll Rand;
>   iii. LPL Financial;
>   iv. Transunion.
>
> (d) Sachs shall not seek to induce or otherwise encourage the Sirius customers identified in subparagraph (b)(i)-(xxv) above to modify or terminate their agreement or relationship with Sirius;
>
> (e) Sachs shall not contact or perform duties for current customers of Sirius, about which Sachs, by the nature of his duties with Sirius, possesses significant information regarding the customer's operations or relationship with Sirius, including the Sirius customers identified in subparagraph (b)(i)-(xxv) above;
>
> (f) Sachs shall return to Sirius all materials in his possession which pertain to or were used by him in connection with his employment, including materials containing Confidential Information as defined in Par. 2(b) of the Agreement;
>
> (g) Sachs shall not directly or indirectly use, communicate, disclose or disseminate, Confidential Information as defined in Par. 2(b) of the Agreement.

3. No bond or other security is required of the Plaintiff.

This Order is in effect to March 12, 2020 at 9:00 a.m.

Date: 2/27/2020 at 4:30 p.m.

Entered: _____

Sharon Johnson Coleman
United States District Judge

3