IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SIRIUS COMPUTER SOLUTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:20-CV-01432 |
| v. | ) | |
| | ) | District Judge Sharon Johnson Coleman |
| JOHN SACHS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT JOHN SACHS'S MOTION FOR EXCESS PAGES IN HIS MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISSOLUTION OF *EX PARTE* TEMPORARY RESTRAINING ORDER *INSTANTER***

Defendant John Sachs ("Sachs"), by and through undersigned counsel, hereby submits his Motion to File Excess Pages In His Memorandum of Law In Support of Motion for Dissolution of Temporary Restraining Order *Instanter*. In support hereof, Sachs respectfully states as follows:

1. Sachs just filed its a Motion for Dissolution of *Ex Parte* Temporary Restraining Order ("Motion") that Plaintiff Sirius Computer Solutions, Inc. ("Sirius") obtained from the United States District Court for the Northern District of Illinois on February 27, 2020. *See* Dkts. 6-7. As Sachs's Motion and the Memorandum of Law filed in support explain, the TRO was issued with practically no notice to Sachs, and Sirius cannot satisfy any of the elements that govern issuance of injunctive relief in the Seventh Circuit.

2. Given the barebones nature of the Complaint Sirius filed and the voluminous evidence rebutting each ground for the TRO, Sachs's Memorandum of Law comprehensively explain why the TRO was improvidently granted. Sachs accordingly needs more than fifteen (15) pages to apprise the Court of all the material facts and legal arguments that warrant immediate

dissolution of the TRO. It is simply not feasible for Sachs to do justice regarding the multiple bases for dissolution of the TRO within the 15-page limit provided for under Local Rule 7.1.

3. The stakes for Sachs are high. As a direct result of the TRO, Sachs has been sidelined in his role at Presidio. Sachs would suffer prejudice if he were kept subject to the 15-page limit. Therefore, good cause exists for the Court to allow Sachs to file a Memorandum of Law supporting his Motion that exceeds the default 15-page limit.

4. Sachs has filed this motion for excess pages *instanter* due to the accelerated pace of the proceedings and so that the Court has ample time to review its papers prior to a hearing on Sachs's motion to dissolve the *ex parte* TRO.

WHEREFORE, Defendant John Sachs respectfully request that this Court issue an Order: (i) granting Sachs's Motion for Excess Pages *Instanter*; and (ii) awarding any additional relief the Court deems equitable and just.

Dated: March 3, 2020

By: /s *Kevin M. Cloutier*
Kevin M. Cloutier (6273805)
David M. Poell (6302765)
John E. Swinney (6327670)
SHEPPARD MULLIN
RICHTER & HAMPTON LLP
70 West Madison Street, 48th Floor
Chicago, Illinois 60602
Telephone: (312) 499-6300
Facsimile: (312) 499-6301
kcloutier@sheppardmullin.com
dpoell@sheppardmullin.com
jswinney@sheppardmullin.com

Robert S. Friedman (*motion for admission pro hac vice to be filed*)
SHEPPARD MULLIN
RICHTER & HAMPTON LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 499-6300
Facsimile: (212) 499-6301
rfriedman@sheppardmullin.com

*Counsel for Defendant John Sachs*