UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SIRIUS COMPUTER SOLUTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20-cv-1432 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| JOHN SACHS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

In late February 2020, plaintiff Sirius Computer Solutions ("Sirius") brought the present one-count complaint against its former employee defendant John Sachs based on an alleged breach of his Non-Competition, Confidentiality, and Proprietary Rights Agreement.[1]  Before the Court is Sachs' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  For the following reasons, the Court grants Sachs' motion without prejudice.  The Court further grants Sirius leave to file an amended complaint keeping in mind counsel's Rule 11 obligations.

**Background**

The Court construes the following facts from the complaint as true and in Sirius' favor. Sirius, an IT solutions business, alleges that Sachs breached his Non-Competition, Confidentiality, and Proprietary Rights Agreement ("Agreement") after he left his employment with Sirius.  At the time of his January 2020 resignation, Sachs had worked for Sirius and its predecessor for approximately sixteen years and was an IT sales representative with the title of Senior Client Executive.  After resigning, Sachs began working for one of Sirius' competitors, Presidio, Inc., as an Senior Account Manager.

Pursuant to the Agreement, Sachs agreed that for a period of 12 months after leaving Sirius,

---

[1] The Court entered the parties' Stipulated Temporary Restraining Order on March 17, 2020.

he would not:

> (a) perform duties within the United States as or for a competitor of the Affiliated Group (i) which are the same or substantially similar to the duties performed by the Employee at any time during the 12-month period preceding Employee's termination or (ii) which involve the use of any Confidential Information (as defined below) which the Employee has received, obtained or acquired during, or as a consequence of, his/her employment with the Company;
>
> (b) perform duties for (i) any current customer of the Affiliated Group (A) that Employee provided direct services to or (B) about which, by the nature of Employee's duties with the Company, Employee possesses significant information regarding such customers operations or relationship with the Company or any other member of the Affiliated Group or (ii) any prospective customer of the Affiliated Group with which any member of the Affiliated Group was in active business discussions or negotiations at any time during the 6-month period preceding Employee's termination about which, by the nature of Employee's duties with the Company, Employee possesses significant information regarding such Customer's operations or proposed relationship with such member of the Affiliated Group;
>
> (c) participate in the inducement or otherwise encourage any employees, customers or vendors or any member [of] the Affiliated Group to breach, modify or terminate any agreement or relationship that they have with any member of the Affiliated Group[.]

(R. 1-2, Non-Compete Agreement, ¶ 1.) Also under the Agreement, Sachs agreed that he would not use, communicate, disclose, or disseminate any confidential information as defined by the Agreement. (*Id.* ¶ 2.)

Sirius maintains that since Sachs joined Presidio, he has contacted his former Sirius customers, including AgFirst Farm Credit Bank and Dominion Energy Southeast, formerly known as Scana Services, Inc. Both AgFirst Bank and Dominion Energy Southeast have been customers of Sirius and its predecessor for at least five years.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551

U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

Illinois law governs the parties' disputes arising out of the Agreement. The elements of a breach of contract claim under Illinois law include: "(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." *Sevugan v. Direct Energy Serv., LLC,* 931 F.3d 610, 614 (7th Cir. 2019) (citation omitted). In his motion to dismiss, Sachs argues that Sirius has failed to state a claim because it has not sufficiently alleged that Sachs breached the Agreement's non-compete or confidentiality provisions resulting damages – keeping in mind that the Agreement does not have a non-solicitation provision.

In general, the Agreement forbids Sachs from: (1) performing duties for a competitor that are the same or substantially similar to the duties he performed for Sirius or performing duties for a competitor which involve confidential information as defined by the Agreement; (2) performing duties for current or prospective customers of Sirius; and (3) inducing or encouraging Sirius' customers, employees, or vendors to breach, modify, or terminate any agreement or relationship with Sirius. Here, Sachs argues that Sirius has failed to allege that he has actually breached the Agreement, but instead that he intends to do so.

Indeed, in the complaint, Sirius alleges that Sachs is ***seeking*** to perform duties for current customers of Sirius "for whom Sachs previously performed direct services" and "about which Sachs, by the nature of his duties with Sirius, possesses significant information regarding the customer's

3

operations or relationship with" Sirius. Further allegations include that "Sachs is *seeking* to perform duties for prospective customers of Sirius, with which Sachs or other employees of Sirius were in business discussions or negotiations during the six months preceding his resignation." The complaint also states that "Sachs is *seeking* to induce or otherwise encourage Sirius customers to modify or terminate their agreement or relationship with Sirius." In addition, Sirius alleges that "Sachs is *seeking* to perform duties for current and prospective customers of Sirius, about which Sachs, by the nature of his duties with Sirius, possesses Confidential Information, and therefore Sachs is using, communicating, disclosing, or disseminating Confidential Information."

Despite the lack of an actual breach, Sirius argues that it may bring a breach of contract claim based on a threatened breach. In making this argument, Sirius relies on a factually distinguishable, unpublished district court case where the employee's agreement specifically stated that his former employer "shall be entitled to injunctive relief for any breach or threatened breach of this Agreement in addition to any other rights or remedies at law or equity." *Russell Dean, Inc. v. Maher*, Case No. 17 C 8440, 2018 WL 4679573, at *7 (N.D. Ill. Sept. 28, 2018) (Feinerman, J.) Sirius also relies on the standard for injunctive relief that "threatened breach of contract may be enjoined." *Wilson v. Illinois Benedictine College*, 445 N.E.2d 901, 907, 68 Ill. Dec. 257, 263, 112 Ill.App.3d 932, 938 (2d Dist. 1983). In its complaint, however, Sirius asks for more than injunctive relief – it seeks compensatory damages.

This leads to Sirius' next problem, namely, that it has failed to sufficiently allege damages resulting from the breach that has yet to occur. Under Illinois law, not only are damages an element of a breach of contract claim, but "the basic theory of damages for breach of contract" requires the plaintiff to "establish an actual loss or measurable damages resulting from the breach in order to recover." *Avery v. State Farm Mutual Auto. Ins. Co.,* 216 Ill.2d 100, 149, 296 Ill.Dec. 448, 835 N.E.2d

801 (2005). Because Sirius does not allege actual, concrete harm as a result of Sachs' alleged breach, it has failed to plausibly allege a breach of contract claim under ¶ 1 of the Agreement.

Next, Sirius has failed to sufficiently allege that Sachs breached the confidentiality requirements under ¶ 2 of the Agreement in which Sachs agreed that he would not use, communicate, disclose, or disseminate any confidential information as defined by the Agreement. Once again, Sirius does not provide any specific factual allegations that Sachs used or disclosed any confidential information. Sirius relies on its threatened use or disclosure argument, but as discussed above, Sirius must state an actual breach. As such, Sirius has not alleged sufficient facts to raise its right to relief above a speculative level.

On a final note, in its response brief, Sirius mentions that Sachs has not returned materials related to his employment as set forth in ¶ 5(a) of the Agreement. Sirius' bare-boned, undeveloped argument is waived. *See United States v. Barr*, 960 F.3d 906, 916 (7th Cir. 2020).

**Conclusion**

For the foregoing reasons, the Court grants Sachs' Rule 12(b)(6) motion to dismiss without prejudice [44] and grants Sirius leave to file an amended complaint in accordance with this ruling and counsel's Rule 11 obligations. Sirius' amended complaint is due on or before September 30, 2020.

IT IS SO ORDERED.

Date: 9/3/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

5