# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

SIRIUS COMPUTER SOLUTIONS, INC.,   )
                                     )
                 Plaintiff,   )            Case No. 20-cv-1432
                                     )
                      v.         )            Judge Sharon Johnson Coleman
                                     )
JOHN SACHS,                    )
                                     )
               Defendant.   )

## MEMORANDUM OPINION AND ORDER

After the Court granted defendant John Sachs' motion to dismiss the original complaint, plaintiff Sirius Computer Solutions filed the present two-count first amended complaint alleging a common law breach of the parties' Non-Competition, Confidentiality, and Proprietary Rights Agreement and a claim under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836. Before the Court is Sachs' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants Sachs' motion in its entirety with prejudice.

**Background**

The Court construes the following facts from the complaint as true and in Sirius' favor. Sirius filed its first amended complaint in October 2020 after the parties had engaged in approximately six months of discovery. In its first amended complaint Sirius, an IT solutions business, alleges that Sachs breached his Non-Competition, Confidentiality, and Proprietary Rights Agreement ("Agreement") after he left his employment with Sirius. At the time of his mid-January 2020 resignation, Sachs had worked for Sirius and its predecessor for approximately sixteen years and was an IT sales representative with the title of Senior Client Executive. After resigning, Sachs began working for one of Sirius' competitors, Presidio, Inc., as a Senior Account Manager.

The Agreement contained a Non-Competition and Related Covenants section that the Court

discussed in its September 2020 ruling when granting Sachs' motion to dismiss. The restrictive covenants in that section of the Agreement lapsed in mid-January 2021 following the expiration of the 12-month restricted period after Sachs' resignation. Meanwhile, in the earlier ruling, the Court also noted that the Agreement did not contain a non-solicitation provision.

Therefore, the Court's focus is whether Sachs violated the Agreement's Non-Disclosure of Confidential Information section that has a two-year restricted period from Sachs' mid-January 2020 resignation. The Non-Disclosure of Confidential Information section states in relevant part:

> (a) Employee will not at any time during his/her employment with the Company and for a period of 2 years thereafter (other than as may be required or appropriate directly in connection with the performance by him of his duties as an employee of the Company), directly or indirectly, use, communicate, disclose or disseminate any Confidential Information (as defined below) in any manner whatsoever (except as may be required under legal process by subpoena or other court order). In the event disclosure of any Confidential Information is required of Employee pursuant to the requirements of a government agency, regulation, judicial order or by operation of law, Employee, within seven days of the request to make such disclosure, and prior to Employee's response, shall give written notice to the Company as provided in Section 6.7 herein.
>
> (b) For purposes of this Agreement, "Confidential Information" shall mean any and all Information (oral or written), not generally known or available to the trade or industry without restriction, relating to the Company, any other member of the Affiliated Group or any person controlling, controlled by, or under common control with the Company or any other member of the Affiliated Group or any of its activities, including, but not limited to, information relating to: technology, engineering, research, and/or development activities and information; processes, methods, personnel; data processing (including, but not limited to, software, programming design and development materials, documentation, and hardware and data base information); financial information; products; identity and description of materials and services used; purchasing; costs and pricing; customers and prospects; advertising, promotion and marketing; as well as information provided by any third party to the Company or any other member of the Affiliated Group.

In short, pursuant to this section, Sachs agreed that he would not use, communicate, disclose, or disseminate any confidential information as defined by the Agreement for the two-year period following his mid-January 2020 resignation. Among other allegations, Sirius alleges that Sachs disclosed five of its key customers and related information to Presidio in December 2019.

2

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

*Breach of Contract Claim*

Illinois law governs the parties' disputes arising out of the Agreement. The elements of a breach of contract claim under Illinois law include: (1) a valid contract existed; (2) plaintiff performed the conditions required by the contract; (3) defendant breached the contract; and (4) damages. *Smart Oil, LLC v. DW Mazel, LLC*, 970 F.3d 856, 861 (7th Cir. 2020). Not only are damages an element of a breach of contract claim under Illinois law, but "the basic theory of damages for breach of contract" requires the plaintiff to "establish an actual loss or measurable damages resulting from the breach in order to recover." *Avery v. State Farm Mutual Auto. Ins. Co.,* 216 Ill.2d 100, 149, 296 Ill.Dec. 448, 835 N.E.2d 801 (2005). In his motion to dismiss, Sachs argues that Sirius failed to plausibly allege a breach of contract claim under Illinois law because it has not alleged an actual loss resulting from his alleged breach of the Non-Disclosure of Confidential Information section of the Agreement.

Pursuant to the Agreement, Sachs agreed that he would not use, communicate, disclose, or disseminate any confidential information as defined by the Agreement. Sirius alleges that before hiring Sachs, Presidio did not have a major presence in the Carolinas and based on documents Sachs produced in this litigation, Sirius now knows that Presidio and Sachs are making what Sachs describes as a "major push" in the Carolinas. During the interview process in 2019, Sirius alleges that Sachs disclosed to Presidio confidential information regarding five of Sirius' accounts in the Carolinas and key players at each account.

Assuming Sachs revealed confidential information to Presidio as defined by the Agreement, Sirius has pleaded itself out of court by admitting that it has yet to lose an account, which is an admission as to the lack of damages. *Morse v. Donati*, 136 N.E.3d 1043, 1049, 434 Ill.Dec. 518, 524, 2019 IL App (2d) 180328, ¶ 18 (2d Dist. 2019) ("a plaintiff must establish an *actual* loss resulting from the breach.") (emphasis in original). Indeed, after scouring the allegations, nowhere in the first amended complaint does Sirius sufficiently allege an actual loss or measurable damages resulting from any such breach.

Sirius counters that it is not seeking damages, but injunctive relief only, therefore, it need not allege damages as required under Illinois law. Sirius fails to cite any legal authority supporting its argument. Instead, Sirius rehashes its previously made argument that it can bring a breach of contract claim based on a threatened breach. The Court already rejected this argument in its September 2020 ruling, and the Court presumes familiarity with that decision.

Furthermore, now that Sirius has admitted that it has yet to lose an account, it's clear that this claim is not ripe for adjudication. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or that may not occur at all." *Citizens for Appropriate Rural Roads v. Foxx*, 815 F.3d 1068, 1079 (7th Cir. 2016). One of the ripeness doctrine's underlying objectives is to avoid premature adjudication, which is what Sirius is asking the Court to

do at this juncture. *Church of Our Lord & Savior Jesus Christ v. City of Markham, Ill.*, 913 F.3d 670, 676 (7th Cir. 2019).

The Court therefore grants Sachs' motion to dismiss Sirius' breach of contract claim as alleged in Count I because Sirius has failed to adequately allege this claim under the federal pleading standards. Moreover, the Court does not have subject matter jurisdiction over Siruis' unripe breach of contract claim. *Harer v. Casey*, 962 F.3d 299, 306 (7th Cir. 2020) ("because ripeness implicates the district court's subject-matter jurisdiction under Article III of the Constitution, we must consider the question on our own accord.").

*Defend Trade Secrets Act*

In Count II of the first amended complaint, Sirius alleges that Sachs violated the DTSA by misappropriating its trade secrets, although Sirius did not bring this claim in its original complaint and the Court did not grant Sirius leave to add additional claims. In any event, the DTSA creates a private cause of action in favor of the "owner of a trade secret that is misappropriated...if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C. § 1836(b)(1). Under the DTSA, a trade secret includes,

> all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if—
>
> > (A) the owner thereof has taken reasonable measures to keep such information secret; and
> >
> > (B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information[.]

18 U.S.C. § 1839(3).

For information to be considered a trade secret, it must have been "sufficiently secret to impart economic value because of its relative secrecy" and the plaintiff must have made "reasonable efforts to maintain the secrecy of the information." *Abrasic 90 Inc. v. Weldcote Metals, Inc.*, 364 F.Supp.3d 888, 896–97 (N.D. Ill. 2019) (quoting *Learning Curve Toys, Inc. v. PlayWood Toys, Inc.*, 342 F.3d 714, 722 (7th Cir. 2003)). "Information does not qualify as a trade secret if it is 'generally known or understood within an industry even if not to the public at large.'" *Abrasic 90 Inc.,* 364 F.Supp.3d at 897 (citation omitted).

Here, Sirius maintains that the business information Sachs compiled in an Excel spreadsheet that he sent to Presidio on December 8, 2019 is a trade secret. In that spreadsheet, Sachs disclosed the names of five key Sirius accounts in the Carolinas, along with the identities of the contacts at those accounts and the contacts' titles. Sachs' accompanying email to Presidio states that he wanted to focus on these accounts at the "end of the 12 month non-compete timeframe." The Court would be hard-pressed to conclude that the list of five customers and the customer contacts is not public or not known within the industry through such online platforms as LinkedIn or the businesses' websites. *Stampede Tool Warehouse, Inc. v. May*, 651 N.E.2d 209, 215, 209 Ill.Dec. 281, 287, 272 Ill.App.3d 580, 588 (1st Dist. 1995) ("The key to secrecy is the ease with which information can be readily duplicated without involving considerable time, effort or expense."). Indeed, courts in this district have concluded that certain customer lists were not trade secrets for this very reason. *See, e.g., Fleetwood Packaging v. Hein*, Case No. 14 C 9670, 2014 WL 7146439, at *3 (N.D. Ill. Dec. 15, 2014) (Tharp, J.); *Charles River Labs. Inc. v. Beg*, Case No. 14 C 1170, 2014 WL 4100714, at *3 (N.D. Ill. Aug. 14, 2014) (Darrah, J.)

In addition, Sirius fails to adequately allege how this customer list has commercial value, especially because the information is generally known or readily ascertainable. Moreover, Sirius brought this DTSA claim for the first time in its first amended complaint filed on October 14, 2020,

which was approximately ten months after Sachs shared this Excel spreadsheet with Presidio. Assuming the list of five competitors had any commercial value at that time, this information has now become stale and any competitive advantage it may have conferred, no longer exists. *See Abrasic 90 Inc.*, 364 F.Supp.3d at 903.

In the end, Sirius has failed to plausibly allege its DTSA claim. *See Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). The Court grants Sachs' motion to dismiss Count II of the first amended complaint with prejudice because any attempt to reallege that the December 2019 customer list is a trade secret would be futile.

**Conclusion**

For the foregoing reasons, the Court grants Sachs' Rule 12(b)(6) motion to dismiss with prejudice [80]. Civil case terminated.

IT IS SO ORDERED.

Date: 4/22/2021

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge